# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 18, 2013

Lyle W. Cayce
Clerk

No. 12-10738
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSHUA LAMAR CARRINGTON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:03-CR-90-1

Before JOLLY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Joshua Lamar Carrington pleaded guilty to being a felon in possession of a firearm and received a sentence under the Armed Career Criminal Act (ACCA) of 235 months in prison, to be followed by a five-year term of supervised release; he voluntarily dismissed his appeal in 2004. In 2012, Carrington filed a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, asserting that his ACCA sentence was invalid because two of his prior convictions for burglary of a habitation were "related cases" under U.S.S.G. § 4A1.2 and that counsel

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rendered ineffective assistance by failing to object to the guidelines calculations. The district court denied Carrington's motion, determining that a Rule 60(b) motion was not proper in criminal proceedings and noting that Carrington's allegations were without merit.  The court acknowledged that it could have construed Carrington's motion as an initial 28 U.S.C. § 2255 motion, but it declined to do so because it determined that such a motion would be untimely.

On appeal, Carrington argues that the district court erred by not construing his motion as a § 2255 motion.  He maintains that he could not have discovered the factual predicate of his claims before August 2011 and that he did not have access to the Sentencing Guidelines until he was released from state custody to a federal prison.  Additionally, Carrington asserts that he is entitled to relief on the merits of his allegations.  After reviewing the record and Carrington's arguments, we conclude that Carrington has failed to show that the district court abused its discretion in denying the Rule 60(b) motion.  *See Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).  Neither has Carrington established any error in the district court's decision declining to consider the Rule 60(b) motion as an initial 28 U.S.C. § 2255 motion.

AFFIRMED.